WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Best Western International,        )
Inc., an Arizona non-profit       )
corporation,                      )
                     Plaintiff,   )      No. CIV 07-00807 PHX RCB
                                  )
          vs.                     )         O R D E R
                                  )
Manuben Patel, an individual      )
                                  )
                     Defendant.   )
_____)

    Currently pending before the court is a motion by plaintiff
plaintiff Best Western International, Inc. ("BWI") to "Dismiss
[the] Second Filed California Action or, Alternatively, to Stay"
that action (doc. 17).  Finding oral argument unnecessary, the
court denies BWI's request in this regard (doc. 27) and rules as
follows.

***Background***

***I.  Factual***

    The facts giving rise to this litigation were previously set
forth by this court in <u>Best Western Intern., Inc. v. Patel</u>,
523 F.Supp.2d 979, 981 (D.Ariz. 2007) ("<u>Patel I</u>"):

Plaintiff BWI operates as a membership
organization consisting of individually owned
and operated hotels (i.e., its members). . . .
BWI has registered with the [U.S.] Patent and
Trademark Office various trademarks, service marks
and collective membership marks. . . . BWI entered
into a Membership Agreement with defendant Manuben
Patel on approximately August 9, 1996, with respect
to the Torch-Lite Inn (the motel) located in Santa
Cruz, California. . . .  Under that Agreement, *inter
alia,* defendant was granted "a non-exclusive license
to use, ... [BWI] trademarks, service marks, and
identification symbols[.] . . .  That License
Agreement unequivocally states that it terminates
upon termination of [defendant's] Membership Agreement
. . . .  The Membership Agreement further provides that
[w]ithin fifteen (15) days of license termination,
[defendant] *shall* remove from public view and cease
using all [BWI] symbols. . . .  On approximately
December 19, 2006, BWI notified defendant that her
membership had been terminated for failure to comply
with [BWI] design standards[.] . . .  At that time,
as the Membership Agreement requires, BWI advised
Defendant that the signs and logo items must be
removed within fifteen (15) days. . . .  According
to Cheryl Pollack, BWI's Director of Member Care and
Development Administration, despite repeated requests
... Defendant has refused to cease and desist from
use of the name, signage and membership mark, or
similar reproductions of BWI. . . .

Id. at 981 (internal quotation marks and citations omitted).

**II.  *Procedural***

> **A.  *Arizona Action***

As a result of the foregoing, on April 17, 2007, BWI filed

this lawsuit alleging breaches of the Membership Agreement, various

causes of action under the Trademark Act of 1946, as amended (the

Lanham Act, 15 U.S.C. §§ 1051 *et seq.*), as well as Arizona state

and common law claims.  Simultaneously with the filing of this

action, BWI filed a motion for a preliminary injunction seeking to

enjoin Patel from using BWI's marks.

When defendant did not respond to BWI's preliminary injunction

application, BWI filed three supplemental declarations in support

of that relief.  See Doc. 31 at 1.  The court, therefore, ordered additional briefing and scheduled the matter to be heard on September 10, 2007.  Id. at 2.  Following oral argument, and after reviewing the extensive documentation provided in connection with the preliminary injunction application, the court granted that relief, detailing its reasons in Patel I, familiarity with which is assumed.

In the meantime, a discovery dispute arose between the parties.  After hearing counsels' respective positions, on October 15, 2007, the court "require[d]" Ms. Patel to respond to BWI's request for document production and interrogatories, which were filed on August 29, 2007.  See Doc. 44.

When Ms. Patel did not comply with the court's preliminary injunction order, BWI filed an Order to Show Cause why she should not be held in contempt (doc. 41).  Following an evidentiary hearing, on November 5, 2007, the court found defendant Patel "in contempt[.]"  Transcript (11/05/07) (doc. 61) at 75, l. 8. However, because Ms. Patel had "partial[ly] compli[ed]" with the preliminary injunction, the court declined to impose sanctions, other than attorneys' fees and costs.  Id. at 74, l. 18-19 and at 75, l. 12-14.

This litigation is proceeding apace.  As of January 7, 2008, all of the required memoranda have been filed with respect to the attorneys' fees motion.  The parties are continuing with discovery, and on February 7, 2007, BWI filed a request for a Rule 16 scheduling conference.  See Doc. 66.

**_B.  California Action_**

Less than two weeks after the filing of this action, on April

30, 2007, Manuben Patel, the defendant herein, commenced a lawsuit against BWI in federal court in the Northern District of California (5:07-CV-02319-JW) ("the California action" or "the second filed action").  Ms. Patel claims, through counsel, that she did not have "*any knowledge*" of this Arizona action.  <u>See</u> Resp. (doc. 22) at 4 (emphasis in original).  Broadly stated, in the California action Ms. Patel is asserting causes of action for breach of the Membership Agreement; breach of the covenant of good faith and fair dealing; fraud; and violations of the California Franchise Investment Law and the California Franchise Relations Act.  <u>See</u> Mot., exh. A thereto (doc. 17-2) at 15-19.  In addition to compensatory damages, Ms. Patel is seeking injunctive relief in the form of reinstatement as a "full member and franchisee" of BWI.  <u>Id.</u> at 19, ¶ 151.

On September 24, 2007, the California court heard oral argument with respect to BWI's motion to dismiss that action based upon improper venue; and alternatively BWI's motion to transfer venue to this district court.  <u>See</u> <u>Patel v. Best Western International, Inc.</u>, 5:07-cv-02319-JW (N.D. Cal.) (doc. 50).  At that time BWI also specifically requested that the California court "defer ruling" upon those motions until after this court rules on the pending motion by BWI to dismiss the California action, or alternatively to stay that action.  <u>Id.</u> (doc. 25) at 1.  The California court did not specifically rule on BWI's deferral request.  Instead it took that dismissal motion "under submission after oral argument."  <u>Id.</u> (doc. 50).  Just recently, on February 14, 2008, defendant Patel notified this court that the California court denied BWI's motion to dismiss and alternative motion to

1  transfer venue here.  <u>See</u> Doc. 67.

2  ***<u>Discussion</u>***

3       Invoking the first-to-file rule, BWI contends that

4  this court should dismiss the California action and allow Patel to

5  assert those claims as counterclaims in this action.  BWI further

6  contends that, separate and apart from the first-to-file rule, this

7  court has the "inherent authority" to dismiss the California

8  action.  Mot. (doc. 17) at 7 (citation omitted).  Alternatively,

9  again relying upon the first-to-file rule, BWI contends that "at a

10  minimum" this court should stay the California action.  <u>See</u> Mot.

11  (Doc. 17) at 7.

12       Preliminarily, defendant Patel counters that BWI's motion is

13  "before the wrong court[.]" Resp. (doc. 22) at 6.  According to

14  defendant, the California court and not this one, must decide, in

15  the first instance, whether to stay, dismiss or transfer.  Thus,

16  characterizing BWI's motion as "inappropriate and premature[,]"

17  Patel urges the court to deny or to "table[]" it "until the

18  California court considers the franchise issue and determines its

19  own jurisdiction." <u>Id.</u> at 7.  More specifically, Patel asserts

20  that the California court must make the "factual and legal

21  determination" as to whether § 20040.5 of the California Business

22  and Professions Code invalidates the forum selection clause in the

23  Membership Agreement.[1]  <u>Id.</u> at 6.  Turning to the first-to-file

24  rule, defendant Patel argues that the balance of convenience

25  exception to that rule "requires the California action be

26  _____

27       [1]       Pursuant to that clause defendant Patel "EXPRESSLY CONSENT[ED]" to
   "EXCLUSIVE JURISDICTION" in Arizona courts of, basically, all claims "ARISING FROM
   OR RELATED TO" the Membership Agreement.  <u>See</u> Co. (doc. 1), exh. 1 thereto at 7,

28  ¶ 38 (emphasis in original).   In accordance with that clause, defendant Patel
   likewise "CONSENT[ED] . . . TO VENUE BEING IN MARICOPA COUNTY, ARIZONA." <u>Id.</u>
   (emphasis in original).

1  maintained[,]" and thus the court should deny BWI's motion in its

2  entirety.  See id. at 8.

3      BWI retorts that the forum selection clause "combined with the

4  first-to-file rule, . . . preclude[s] [Patel] from requiring BWI to

5  litigate the disputes in California."  Reply (doc. 24) at 1-2.

6  Directly contradicting Patel on the balance of convenience issue,

7  BWI further retorts that "Arizona is the proper and more convenient

8  forum to resolve the parties' dispute."  Id. at 9.

9  *I.  "First-to-File" Rule*

10     The "first-to-file" rule is a "generally recognized doctrine

11 of federal comity which permits a district court to decline

12 jurisdiction  over an action when a complaint involving the same

13 parties and issues has already been filed in another district."

14 Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95-96

15 (9th Cir. 1982) (citations omitted).  "[T]he first-to-file rule[]

16 'gives priority, for purposes of choosing among possible venues,

17 when parallel litigation has been instituted in separate courts, to

18 the party who first establishes jurisdiction.'"  Best Western

19 International, Inc. v. Mahroom, 2007 WL 1302749, at *1 (D.Ariz.

20 2007) (quoting Northwest Airlines, Inc. v. American Airlines, Inc.,

21 989 F.2d 1002, 1006 (8th Cir. 1993)).  "'[W]hile no precise rule

22 has evolved, the general principle is to avoid duplicative

23 litigation,' Colorado River Water Conservation Dist. v. United

24 States, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976),

25 and to promote judicial efficiency."  Barapind v. Reno, 225 F.3d

26 1100, 1109 (9th Cir. 2000) (other citations omitted).  Consistent

27 with these principles, the Ninth Circuit has held that the first-

28 to-file rule "should not be disregarded lightly."  Church of

1  Scientology of California v. United States Department of Navy, 611

2  F.2d 738, 750 (9th Cir. 1979) (citation omitted).  At the same time

3  though, the Ninth Circuit has stressed, "[t]he most basic aspect of

4  the first-to-file rule is that it is discretionary; 'an ample

5  degree of discretion, appropriate for disciplined and experienced

6  judges, must be left to the lower courts.'"  Alltrade, Inc. v.

7  Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991) (quoting

8  Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183-

9  184 (1952)).

10      Underlying the first-to-file rule is the notion that "[s]ound

11  judicial administration . . . indicate[s] that when two identical

12  actions are filed in courts of concurrent jurisdiction, the court

13  which first acquired jurisdiction should try the lawsuit and no

14  purpose would be served by proceeding with a second action."

15  Pacesetter, 678 F.2d at 95.  Thus, "[w]hen two cases involving the

16  same parties and issues are filed in two different federal

17  districts, the first-to-file rule permits the *second* district court

18  to exercise its discretion to transfer, stay, or dismiss the *second*

19  suit in the interests of efficiency and judicial economy."

20  Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1156 (9th Cir.

21  2007) (Ferguson, J., concurring) (citing Cedars-Sinai Med. Ctr. v.

22  Shalala, 125 F.3d 765, 769 (9th Cir. 1997)) (emphasis added).  "The

23  Alltrade court set forth three prerequisites for application of the

24  first to file rule: (1) chronology of the two actions;

25  (2) similarity of the parties; and (3) similarity of the issues."

26  Brighton Collectibles, Inc. v. Coldwater Creek, Inc., 2006 WL

27  4117032, at *2 (S.D.Cal. 2006) (citing Alltrade, 946 F.2d at 625).

28  The court will consider these prerequisites seriatim.

1       **_A._  _Chronology_**

2       There is no dispute that this action was filed on April 17,

3  2007 (doc. 1), approximately two weeks prior to the April 30, 2007

4  filing of the California action. Therefore, the first prerequisite

5  to application of the first-to-file rule is met here.[2]

6       **_B._  _Same Parties_**

7       As with chronology, there is no dispute that the second

8  prerequisite to applying the first-to-file rule is satisfied here.

9  The parties in the California action are identical to the parties

10 to this action, although the capacity in which they are litigants

11 is reversed.

12      **_C._  _Same Issues_**

13      There is disagreement, though, as to whether the third

14 prerequisite for application of the first-to-file rule can be shown

15 here.  BWI contends that the issues in this action are "identical"

16 to those in the California action in that they both "involve . . .

17 proper termination of the Membership Agreement and a declaration of

18 the parties' rights [there]under[.]" Reply (doc. 24) at 3 (footnote

19 omitted).  Ms. Patel concedes that the two actions "relate[] to the

20 same agreement[,]" but she maintains that they are

21 "distinguishable" because, in essence, they involve different time

22 frames.  As Ms. Patel views it, the California action "concern[s]

23 BWI's conduct before and during the parties [sic] contract[,]"

24  _____

25      [2]      "[T]he first to file rule means the first to be filed, not the first
to be served." <u>Collegenet, Inc. v. Applyyourself, Inc.</u>, 2002 WL 33962845, at *3
26 (D.Or. 2002). Filing, not service, is the operative act "because a federal action
is commenced by the filing of the complaint, not by the service of process[;] '[i]t
is thus the filing of actions in coordinate jurisdictions that invokes
27 considerations of comity[,]' not the actual service of the action." <u>Id.</u> (quoting
<u>Pacesetter</u>, 678 F.2d at 96 n.3) (other citation omitted).  Thus, the fact that when
28 BWI originally filed this motion, defendant had not yet been served because,
according to BWI she was "evad[ing] service[,]" does not impact the applicability
of the first-to-file rule. <u>See</u> Reply (doc. 24) at 3, n.2.

whereas this action "is limited to those events and occurrences after BWI unfairly terminated the contract." Resp. (doc. 22) at 8. Further, according to Ms. Patel, not only do the two actions involve "separate times[,]" but they also involve "separate claims . . . damages . . . [and] proof." Id. Consequently, Ms. Patel asserts that BWI is improperly relying upon the first-to-file rule as a basis for dismissal or a stay of the California action.

For purposes of the first-to-file rule, "[i]n determining whether the cases involve the same issue, it is enough that the overall content of each suit is not very capable of independent development, and will be likely to overlap to a substantial degree." Supervalu Inc. v. Executive Development Systems, Inc., 2007 WL 129039, at *1 (D.Idaho 2007) (internal quotation marks and citations omitted). "The cases need not be identical to be duplicative." Id. (internal quotation marks and citation omitted); see also Mahroom, 2007 WL 1302749, at *2, n. 1 (finding, in the context of the first to file rule, lawsuits "need only be substantially similar and not exactly identical[]").

In Mahroom, a case remarkably similar to the present one, Judge Teilborg found that there was a "similarity of issues" for purposes of applying the first-to-file rule. Like this action, in Mahroom BWI sued former operators of a California BWI motel alleging breach of the membership agreement, Lanham Act claims, and related common law and statutory causes of action. Prior to the filing of that action, the Mahrooms, former BWI operators, commenced an action in California arguing, just as Ms. Patel does, "that [BWI] should be governed by the California Franchise Relations Act and that [BWI] has breached certain provisions of

1    that statute." _Id._ at *2. Also like Ms. Patel, in the California
2    action the Mahrooms were "seeking . . . a declaration of their
3    rights under the [BWI] contracts and whether [they] ha[d] the right
4    to continue to use the [BWI] marks for th[eir] property." _Id._
5    Further, in _Mahroom_, as here, "[i]n the Arizona litigation, [BWI]
6    claim[ed] venue [was] in Arizona based on a forum selection clause
7    in the contract; defendants argue[d] that [BWI] is governed by the
8    California Franchise Relations Act, which voids forum selection
9    clauses." _Id._ Weighing those respective positions, Judge Teilborg
10   soundly reasoned that "the claim in the California litigation and
11   the defense in the Arizona litigation [were] identical[.]" _Id._

12       Also, in _Mahroom_, as in the present action, "in the California
13   litigation the [former operators of a BWI motel] claim[ed] that
14   [BWI] did not properly terminate their relationship under . . .
15   both the contracts and the California Franchise Relations Act."
16   _Id._ Finally, "[i]n the Arizona litigation, the Mahrooms
17   defend[ed] the request for [a] [temporary restraining order
18   requiring them to remove all BWI marks from their property] . . .
19   arguing that the contracts were not properly terminated and that
20   they should be allowed to continue to use [BWI] marks[]" - the
21   precise argument Ms. Patel made in opposition to BWI's request for
22   a preliminary injunction in this case. _See id._ Primarily because
23   there are no discernible differences between _Mahroom_ and the
24   present case, the court finds, as did Judge Teilborg that the final
25   prong of the first-to-file rule is met here.

26       As should be clear by now, the California and Arizona actions
27   involve essentially the same subject matter – the parties'
28   respective rights _vis-a-vis_ the Membership Agreement.

1  Consequently, "the same set of general facts will apply to"

2  resolving both actions.  See Supervalu, 2007 WL 129039, at *2.

3  Moreover, to the extent the relief sought may differ between the

4  two actions, that does not render the actions dissimilar.  See id.

5  (internal quotation marks and citation omitted) ("The form of

6  relief sought does not determine the similitude of the issues.")

7  The fact that some of the relevant conduct occurred prior to

8  termination of the Membership Agreement and some after does not

9  change this court's opinion that, at the end of the day, "the

10  overall content of each suit is not very capable of independent

11  development and will be likely to overlap to a substantial degree."

12  See id.  Accordingly, the court also finds that the third

13  prerequisite to the first-to-file rule is satisfied here.

14  ***II.  Balance of Convenience Exception***

15  The reasons outlined above convince the court that the

16  threshold factors necessary to invoke the first-to-file rule are

17  present in this action.  However, that rule "is not a rigid or

18  inflexible rule to be mechanically applied, but rather is to be

19  applied with a view to the dictates of sound judicial

20  administration."  Pacesetter, 678 F.2d at 95.  A court, therefore,

21  "can, in the exercise of [its] discretion, dispense with the first-

22  filed principle for reasons of equity."  Alltrade, 946 F.2d at 628.

23  "Typically" there are three exceptions to the first-to-file rule:

24  "bad faith, anticipatory suit, and forum shopping."  Id. (internal

25  citations omitted).  Another exception, and the one upon which Ms.

26  Patel is relying, is where "the balance of convenience weighs in

27  favor of the later-filed action."  See Sony Computer Entertainment

28  America Inc. v. American Medical Response, Inc., 2007 WL 781969, at

1  *2 (N.D.Cal. 2007) (internal quotation marks and citation omitted).

2  This exception "is analogous to 'the convenience of the parties and

3  witnesses' under a transfer of venue motion, 28 U.S.C.

4  § 1404(a)[,]" id. (citations omitted); and its application is an

5  issue properly before this court.  See Alltrade, 946 F.2d at 628

6  (internal quotation marks and citation omitted) ("normally" the

7  court in the first filed action should "address . . . the

8  respective convenience of the two courts[]").

9       "Determination of a motion to transfer [under § 1404(a)] lies

10  within the broad discretion of the district court and is based on

11  individualized considerations of convenience and fairness."  Best

12  Western International, Inc. v. Govan, 2006 WL 2523460, at *5

13  (D.Ariz. 2006) (citing Jones v. GNC Franchising, Inc., 211 F.3d

14  495, 498 (9th Cir. 2000), motion to amend denied, 2007 WL 1545776

15  (D.Ariz. 2007).  "A motion to transfer venue under § 1404(a)

16  requires the court to weigh a variety of factors in its

17  determination whether transfer is appropriate in a particular

18  case."  Mediostream, Inc. v. Priddis Music, Inc., 2007 WL 2790688,

19  at *3 (N.D.Cal. 2007).  "While there is no established test to

20  determine whether a court should grant a motion to transfer, courts

21  may consider factors including: '(1) the location where the

22  relevant agreements were negotiated and executed, (2) the state

23  that is most familiar with the governing law, (3) the plaintiff's

24  choice of forum, (4) the respective parties' contacts with the

25  forum, (5) the contacts relating to the plaintiff's cause of action

26  in the chosen forum, (6) the differences in the costs of litigation

27  in the two forums, (7) the availability of compulsory process to

28  compel attendance of unwilling non-party witnesses, and (8) the

1  ease of access to sources of proof.'" Id. (quoting Jones, 211 F.3d

2  at 499).

3      Taking into account this myriad of factors, Ms. Patel contends

4  that "[t]he [b]alance of [c]onvenience [e]xception [r]equires the

5  California [a]ction be [m]aintained[,]" and implicitly that this

6  court should disregard the first-to-file rule.  See Resp. (doc. 22)

7  at 8.  On the other hand, BWI argues that an examination of those

8  factors "leads to the conclusion that Arizona is the proper and

9  more convenient forum to resolve the parties' dispute."  Reply

10  (doc. 24) at 9.

11      These arguments are not new to this court.  In Govan, 2006 WL

12  2523460, a case remarkably similar to the present one, defendants,

13  also former operators of a BWI motel in California claiming

14  wrongful termination of a BWI Membership Agreement, moved, inter

15  alia, to transfer venue to the Eastern District of California

16  pursuant to 28 U.S.C. § 1404(a).  Emphasizing that "'unless the

17  balance of factors is strongly in favor of the defendants, the

18  plaintiff's choice of forum should rarely be disturbed[,]'" this

19  court examined the "relevant factors, and in the interest of the

20  administration of justice," denied that motion to transfer.  Id. at

21  *6.

22      The court adheres to its view, expressed in Govan, that the

23  factors which Ms. Patel is stressing, such as the location of the

24  motel in California and that her witnesses all reside there do not

25  suffic[e]" to support a change of venue in this case.  See id.

26  Also as in Govan, it is significant that "[BWI] is an Arizona non-

27  profit corporation, . . . organized under the laws of Arizona and

28  employ[ing] most of its employees in Arizona[;]" and "that the

1  Agreement, which is at the crux of this lawsuit, was executed in
2  Arizona." See id. The court also cannot overlook the fact, as in
3  Govan, that in the Membership Agreement Ms. Patel expressly
4  "acknowledged and agreed that the majority of [BWI's] records and
5  employees are in Phoenix, Arizona, and that Phoenix, Arizona is the
6  most convenient locale for actions between [the parties]." See id.
7  (internal quotation marks and citation omitted).  In short, the
8  court finds that the Govan reasoning applies with equal force here.
9      Bolstering the court's finding that the balance of convenience
10 does not weigh in favor of the second filed action is the fact that
11 Ms. Patel has not meet her burden of "demonstrat[ing] an
12 inconvenience to witnesses[.]"  See Flores v. Zale Delaware, Inc.,
13 2007 WL 4462992, at *3 (N.D.Cal. 2007) (internal quotation marks
14 and citations omitted).  Although Ms. Patel identified the
15 "relevant witnesses, [and] state[d] their location[,]" she did not,
16 as she was required to do, "describe their testimony and its
17 relevance."  See id. "At best," Ms. Patel "has shown nothing more
18 than a shifting of inconvenience for evidence or witnesses, which
19 is insufficient to support a change of venue[;]" and likewise
20 insufficient to justify a departure from the first-to file rule
21 based on convenience.  See Collegenet, 2002 WL 33962845, at *4
22 (citation omitted).  In light of the foregoing, and cognizant that
23 the first-to-file rule "should not be disregarded lightly[,]"
24 Church of Scientology, 611 F.2d at 750 (citation omitted), "[t]he
25 court is not persuaded that a balancing of convenience weighs so
26 strongly in [Ms. Patel's] favor as to justify a departure from the
27 'first to file' rule."  See Ward v. Follette Corp., 158 F.R.D. 645,
28 649 (N.D.Cal. 1994).

1  ### III.  *Nature of Relief*

2      Having found that the first-to-file rule applies here and that

3  the balance of convenience exception does not, the focus turns to

4  the nature of the relief which BWI is seeking in reliance upon that

5  rule.  Plainly under the case law set forth above, if this was the

6  second filed action, under the "first-to-file" rule in its

7  discretion, this court could transfer, stay or dismiss the present

8  action.  See, e.g., Cedars-Sinai Medical Center, 125 F.3d at 769

9  (citations omitted) (emphasis added) ("Under [the first-to-file]

10 rule, when cases involving the same parties and issues have been

11 filed in two different districts, the *second district court* has

12 discretion to transfer, stay, or dismiss the *second case* in the

13 interest of efficiency and judicial economy.") What is less clear,

14 however, and what BWI does not address, is whether this court, in

15 which the first action was filed, has that same broad discretion.

16     BWI cites to three cases which purportedly support its view

17 that similarly "[t]he first-to-file rule allows the district court

18 in the first-filed matter to transfer, stay, or dismiss an action

19 when a similar complaint has already been filed in another federal

20 court."  Mot. (Doc. 17) at 6 (internal quotation marks and

21 citations omitted).  A close reading of those cases reveals,

22 however, that they are inapposite for one reason or another.

23     Alltrade, as Ms. Patel accurately points out, simply supports

24 the unremarkable proposition that a court in a second filed action

25 can dismiss that action under the first-to-file rule because the

26 second action "duplicated a prior suit."  Alltrade, 946 F.2d at

27 623.  Nothing in Alltrade suggests that the court in a first filed

28 action has that same discretion.

1    BWI's reliance upon <u>Merrill Lynch, Pierce, Fenner & Smith,</u>

2 <u>Inc. v. Haydu</u>, 675 F.2d 1169 (11th Cir. 1982), is similarly

3 misplaced.   Ignoring that <u>Haydu</u> is from the Eleventh Circuit, and

4 thus not binding on this court which sits in the Ninth Circuit,[3]

5 still <u>Haydu</u> does not support BWI's position.   Like <u>Alltrade</u>, in

6 <u>Haydu</u> the court in the second filed action dismissed that action;

7 it was not a situation, as BWI implies, of a court in a first filed

8 action, such as this, dismissing a second filed action.

9    Lastly BWI cites to <u>Sutter Corporation v. P & P Industries</u>,

10 125 F.3d 914 (5th Cir. 1997).   Disregarding the fact that once again

11 BWI is citing to non-binding precedent, the court disagrees with

12 BWI's broad reading of <u>Sutter</u>.   To be sure, interpreting the first-

13 to-file rule, the <u>Sutter</u> Court stated that that rule "established

14 which court may decide whether the second suit filed must be

15 dismissed, stayed or transferred and consolidated." <u>Id.</u> at 920.

16 At issue in <u>Sutter</u>, however, was the propriety of a court in a

17 second filed action denying a motion to transfer that action to the

18 court in the first filed action.   Finding an abuse of discretion

19 the Fifth Circuit reversed, reasoning that under the first-to-file

20 rule the court in the second filed action should have granted the

21 motion to transfer to the court in the first filed action.

22    In this court's opinion, <u>Sutter</u> does not provide an adequate

23 basis upon which to dismiss the California action.   The <u>Sutter</u>

24 Court simply held that whether the second action "should be allowed

25 to proceed independently or be consolidated" with the first filed

26 action was a determination for the court in the first filed action.

27

28
        [3]     <u>Zuniga v. United Can Co.</u>, 812 F.2d 443, 450 (9th Cir. 1987) (stating
   that district courts are bound to follow the precedent of their own circuit).

1  See id.  Thus, in contrast to the present action, the Sutter Court

2  was not confronted directly with the issue of whether the first

3  filed court should dismiss the second filed action.  Procedurally,

4  Sutter stood in a different posture than does this action.

5      With no analysis BWI cites to three additional cases which it

6  believes provide a sufficient basis for this court, in the first

7  filed action, to dismiss the California action.  None of those

8  cases warrant dismissing the California action, however.

9      Pacesetter is readily distinguishable on its facts because

10 the defendants in the second filed action were seeking dismissal of

11 that action "in deference to the court in" the "first filed"

12 action.  Pacesetter, 678 F.2d at 94.  It was not, as here, a party

13 in a first filed action seeking dismissal of a second filed action.

14 The same is true of Colortyme Financial Services, Inc. v. Kivalina

15 Corp., 940 F.Supp. 269 (D. Hawai'i 1996), where the court in a

16 second filed action had to decide whether to dismiss that action or

17 to transfer it to the court where the first filed action was

18 pending.

19     Third, in Church of Scientology, invoking the first-to-file

20 rule, the court in a first filed action refused to disclose a

21 certain document which was the subject of litigation in a second

22 filed action.  Given the obvious factual differences between that

23 case and the present one, Church of Scientology is not relevant to

24 the dismissal motion before this court.[4]  In sum, BWI, citing to

25

26      [4]    BWI summarily urges the court to dismiss the California action based
   upon its "inherent authority[.]"  Mot. (doc. 17) at 4 (citation omitted).  Once
   again, BWI is relying upon a case outside this Circuit.  Moreover, the Seventh

27 Circuit in Asset Allocation and Management Company v. Western Employers Insurance
   Company, 892 F.2d 566 (9th Cir. 1990), actually held that the district court in a

28 first filed action improperly ordered a party to dismiss its second filed action.
   Because dismissal had not been requested, the Seventh Circuit found that relief was
   "gratuitous."  Id. at 571.  In dicta, the Court did state that dismissal of the

1   factually distinguishable cases, many of which are not within this

2   Circuit, has not convinced this court that dismissal of the

3   California action is appropriate at this time.  Therefore, the

4   court denies BWI's motion to the extent it is seeking such

5   dismissal.

6        The court is thus left to consider BWI's alternative request

7   for relief - a stay of the California action.  Because the two

8   actions "involve the exact same parties" and, from BWI's

9   perspective, "the same critical issues . . . - the termination of

10  the Membership Agreement[,]" BWI is seeking a stay of the

11  California action to avoid "[s]imultaneous, duplicative

12  litigation[.]" Mot. (doc. 17) at 9.

13       The court is keenly aware, as Ms. Patel notes, that "'[w]hen

14  an injunction sought in one federal proceeding would interfere with

15  another federal proceeding, considerations of comity require more

16  than the usual measure of restraint, and such injunction should be

17  granted *only in the most unusual cases*.'" See Saleh v. Titan

18  Corporation, 353 F.Supp.2d 1087, 1089 (S.D.Cal. 2004) (quoting

19  Bergh v. State of Washington, 535 F.2d 505, 507 (9th Cir. 1976))

20  (other citation omitted) (emphasis added by Saleh court).  Indeed,

21  the Ninth Circuit has made clear that "[w]here, as here, the two

22  federal courts are of coordinate jurisdiction, and their decisions

23  are reviewed by the same Court of Appeals, the issuance of such an

24  injunction is rarely, if ever, justified." Bergh, 535 F.2d at 507

25  (citation omitted).  Ordinarily the rationale for such restraint is

26

27  second action would have "been proper" had there been a finding that filing of the
    second suit was done to "harass[]" the other party.  Id. (citations omitted).  BWI
28  has not even hinted that that was Patel's motive in filing the California action.
    So, as with the first-to-file rule, BWI has not convinced this court to invoke its
    "inherent authority" and dismiss the California action.

1  that it "keeps to a minimum the conflicts between courts

2  administering the same law, conserves judicial time and expense,

3  and has a salutary effect upon the prompt and efficient

4  administration of justice."  Id. (internal quotation marks and

5  citation omitted).

6        Primarily because of these "considerations of comity," at

7  this juncture the court is denying BWI's motion to the extent it is

8  seeking a stay of the California action.  That denial is without

9  prejudice to renew, however.  In light of the California court's

10  recent decision to allow that action to go forward, there is a very

11  real potential for inconsistent results.  Perhaps the most

12  troubling example would be if Ms. Patel ultimately succeeds in

13  having the Membership Agreement reinstated in the California

14  action, while at the same time, BWI is successful in obtaining a

15  permanent injunction in this first-filed action.  Given that

16  potential for inconsistent results, and the fact that this action

17  is significantly beyond the preliminary injunctive relief stage in

18  that contempt proceedings have been held, and discovery is

19  proceeding, the court is placing this case on a priority status.

20  See Pacesetter, 678 F.3d at 95 ("[S]ound judicial economy . . .

21  indicate[s] that when two identical actions are filed in courts of

22  concurrent jurisdiction, the court which first acquired

23  jurisdiction should try the lawsuit and no purpose would be served

24  by proceeding with the second action.")  To that end, the court

25  hereby grants BWI's "Request for Rule 16 Scheduling Conference"

26  (doc. 66).  Counsel are directed to appear for such a conference on

27  Monday, March 10, 2008, at 1:30 p.m., in courtroom 606 of the

28  Sandra Day O'Connor Courthouse, 401 West Washington Street,

1  Phoenix, Arizona 85003.  The Rule 16 Case Management Report and the

2  proposed Order shall be filed by March 7, 2008.

3  ### *Conclusion*

4      For the reasons set forth above, the court hereby DENIES the

5  motion by plaintiff Best Western International, Inc. (doc. 17), to

6  the extent it is seeking dismissal of the California action.  The

7  court DENIES WITHOUT PREJUDICE TO RENEW that aspect of plaintiff's

8  motion (doc. 17) seeking a stay of the parallel action of <u>Patel v.</u>

9  <u>Best Western International, Inc.</u>, 5:07-cv-02319-JW, currently

10  pending in the U.S. District Court, Northern District of

11  California, San Jose Division.  The court GRANTS plaintiff's

12  "Request for a Rule 16 Scheduling Conference" (doc. 66); and

13  directs counsel to appear for such a conference on Monday, March

14  10, 2008, at 1:30 p.m., in courtroom 606 of the Sandra Day O'Connor

15  Courthouse, 401 West Washington Street, Phoenix, Arizona 85003.

16      DATED this 28th day of February, 2008

17

18

19  _____

20      Robert C. Broomfield
    Senior United States District Judge

21

22

23

24

25

26

27  Copies to counsel of record

28

- 20 -